UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Reinaldo J. Aguiar Marcano,<br>*Plaintiff* | §<br>§<br>§<br>§ | |
| v. | § | Civil Action No.: 4:26-cv-08794 |
| G. Troy Pickett, et al.,<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

**DEFENDANTS G. TROY PICKETT AND GLORIA ESPINA'S MOTION FOR A PRE-FILING INJUNCTION AGAINST PLAINTIFF REINALDO J. AGUIAR MARCANO**

Defendants G. Troy Pickett and Gloria Espina (together, "Defendants") respectfully move the Court, under its inherent authority and the All Writs Act, 28 U.S.C. § 1651, to impose narrowly tailored pre-filing restrictions on Plaintiff Reinaldo J. Aguiar Marcano. In support, Defendants show the following.

## I. INTRODUCTION

This is the fourth federal lawsuit Aguiar Marcano has filed arising out of a single Fort Bend County divorce and custody case, *In re Marriage of Gloria Espina and Reinaldo J. Aguiar Marcano*, Cause No. 25-DCV-328122 (387th Dist. Ct., Fort Bend County, Texas). He has also filed a separate, unrelated federal suit, a purported class action against Elon Musk and others, that was dismissed after he failed to serve any defendant.

Of the three earlier divorce-related suits, two—one in this Court and one in the Western District of Texas—were dismissed under Federal Rule of Civil Procedure 4(m) without a single defendant ever being served, the Western District suit also because he never paid the filing fee or sought leave to proceed in forma pauperis. The other, filed in this Court eight days after Judge

Hittner admonished him that excessive filings could draw sanctions, names Judge Hittner himself as a defendant, along with another judge of this Court, the Clerk of this Court, the Clerk of the Fifth Circuit, the Governor of Texas, and every Justice of the Supreme Court of Texas. It remains pending, and no defendant has been served.

Alongside those suits, Aguiar Marcano has initiated four proceedings in the Fifth Circuit, an application and a petition in the Supreme Court of the United States, and eight original proceedings and appeals in the First Court of Appeals and the Supreme Court of Texas. Every one that has concluded was denied or dismissed. In all, since May 2025 he has initiated at least nineteen proceedings in six courts. (Ex. A).

The filings share a common design: to relitigate, and to collaterally attack as "void," the temporary orders, sanctions, and civil-contempt capias entered against Aguiar Marcano in the state divorce case, and to harass the opposing party (Espina) and her counsel (Pickett) with serial, meritless litigation. A federal court presiding over such a litigant is not powerless. Under settled Fifth Circuit law, the Court may require Aguiar Marcano to obtain leave of court before filing any further paper in the federal courts of this State — and, at a minimum, before filing any further suit against these Defendants arising from the divorce proceedings. *Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181, 187 (5th Cir. 2008). Defendants ask the Court to enter such an order.

Defendants file this motion subject to, and without waiving, the defenses asserted in their motion under Rule 12(b). (ECF No. 17).

## II. FACTUAL BACKGROUND

Defendants request that the Court take judicial notice under Fed. R. Evid. 201(b) and (c)(2) of the existence and contents of the orders and dockets cited in Part II and summarized in Exhibit A.

### *A. The underlying state proceeding*

Espina filed for divorce from Aguiar Marcano on April 7, 2025, in the 387th Judicial District Court of Fort Bend County. Pickett represents Espina in that proceeding. Over the following eighteen months, the state court entered temporary orders governing custody and possession (Ex. B), two sanctions awards against Aguiar Marcano (Exs. C–D), and—after he failed to appear at a May 14, 2026 enforcement and contempt hearing—an order for a civil-contempt capias and the issuance of that capias (Exs. E–F). Aguiar Marcano's three successive motions to recuse Judge Telfair were all denied (Exs. G-1 to G-3, J). The third of those motions also sought to recuse the regional presiding judge (Ex. G-3); that request was denied by the Chief Justice of the Supreme Court of Texas (Ex. H), and a subsequent second motion to recuse the regional presiding judge was likewise denied by the Chief Justice. (Ex. I). On July 22, 2026, Regional Presiding Judge Susan Brown found Aguiar Marcano's third recusal motion directed at Judge Telfair to be a "Tertiary Recusal Motion" "brought in bad faith with a dilatory purpose," and awarded Espina $7,485.00 in attorney's fees for responding to it (Ex. J).[1]

### *B. Aguiar Marcano's federal filings*

**1. S.D. Tex. No. 4:25-cv-02276 (May 19, 2025).** A month after Espina filed for divorce,

[1] A third or subsequent motion to recuse a district court judge filed by the same party in a case, regardless of which judge it targets, is a "tertiary recusal motion." Tex. Civ. Prac. & Rem. Code § 30.016(a). A judge who declines recusal after such a motion is filed "shall continue to: (1) preside over the case; (2) sign orders in the case; and (3) move the case to final disposition as though a tertiary recusal motion had not been filed." *Id.* § 30.016(b). Section 30.016's application extends to <u>any</u> recusal motion filed by the same party in a suit. *Guilbot Serros de Gonzalez v. Gonzalez Guilbot*, 315 S.W.3d 533, 540 (Tex. 2010).

Aguiar Marcano filed a purported class action against Elon Musk, Travis Kalanick, Wilmer Ruperti, James Casey, David Hine, and 100 John Does. Although the suit does not arise from the divorce, it followed the same pattern. On December 17, 2025, a magistrate judge recounted his repeated failures to comply with orders to effect service, specifically that he never presented the clerk with a properly completed summons for any defendant, and recommended dismissal. Memorandum and Recommendation, *Aguiar v. Musk*, No. 4:25-cv-02276 (S.D. Tex. Dec. 17, 2025), ECF No. 31 (Ex. L). On January 20, 2026, the district court adopted the recommendation and dismissed the suit without prejudice under Rule 4(m). Order, No. 4:25-cv-02276 (S.D. Tex. Jan. 20, 2026), ECF No. 36.

**2. S.D. Tex. No. 4:25-cv-4890 (October 14, 2025).** Aguiar Marcano's second federal suit, as amended, named Pickett; Espina's former counsel, Rivera-Hybner; William Adams and the Adams Law Firm; Fort Bend County, its Sheriff, and several deputies; and others, asserting civil-rights and RICO claims. On February 3, 2026, Judge Hittner denied Aguiar Marcano's motion for leave to file a third amended complaint, his motion to recuse Judge Hittner, and his motion to change venue; struck his corrected fourth amended complaint; and expressly **"ADMONISHE[D] THAT EXCESSIVE FILINGS AND FAILURE TO COMPLY WITH COURT ORDERS AND RULES MAY RESULT IN FURTHER ACTION AND/OR SANCTIONS FROM THE COURT."** Order, *Aguiar Marcano v. Rivera-Hybner*, No. 4:25-cv-4890 (S.D. Tex. Feb. 3, 2026), ECF No. 51 (Ex. M). On February 6, 2026, the court dismissed the suit without prejudice under Rule 4(m), noting that despite repeated motions, Aguiar Marcano never presented the Clerk with any summons to issue. Order, No. 4:25-cv-4890 (S.D. Tex. Feb. 6, 2026), ECF No. 58.

**3. S.D. Tex. No. 4:26-cv-01132 (February 11, 2026).** On February 11, 2026, eight days after Judge Hittner's admonition and five days after the dismissal of No. 4:25-cv-4890, Aguiar Marcano filed a new suit in this Court seeking mandamus relief. He named as defendants Judge Hittner; Judge George Hanks, Jr.; Nathan Ochsner, Clerk of this Court; Lyle Cayce, Clerk of the Fifth Circuit; Governor Greg Abbott; every Justice of the Supreme Court of Texas; the Chief Justice of the First Court of Appeals; Judge Telfair; Judge Richard Bell; the presiding judge of the Eleventh Administrative Judicial Region; the Fort Bend County District Clerk; Fort Bend County, its Sheriff, and a deputy; Pickett and the Adams Law Firm; Espina's former counsel; the mediator in the divorce; and a homeowners' association and individuals believed to be associated with it. Petition, *Aguiar v. Abbott*, No. 4:26-cv-01132 (S.D. Tex. Feb. 11, 2026), ECF No. 1 (Ex. N). The suit remains pending. No defendant has been served, and the filing fee has not been paid.

**4. W.D. Tex. No. 1:26-cv-01423-ABD (May 28, 2026).** Aguiar Marcano (with his corporation) sued Pickett, Espina, and the Adams Law Firm in the Western District, seeking to enjoin the state "M-Compel" hearing and to stay the capias, and alleging Hobbs Act extortion and economic espionage. Complaint, *Haretz Hamuvlakhat Corp. v. Adams Law Firm, P.C.*, No. 1:26-cv-01423-ABD (W.D. Tex. May 28, 2026), ECF No. 1 (Ex. O). He emailed the complaint to Pickett as purported "service" two days before it was filed. (Ex. K ¶ 10). On October 16, 2026, the court dismissed the suit without prejudice under Rule 4(m), because no defendant was ever served or appeared, Aguiar Marcano never paid the filing fee or sought leave to proceed in forma pauperis, and he ignored the court's show-cause order. Order, No. 1:26-cv-01423-ABD (W.D. Tex. Oct. 16, 2026), ECF No. 6.

**5. S.D. Tex. No. 4:26-cv-08794 (October 7, 2026)—this case.** The present suit again

names Pickett and Espina—now styled as "private co-conspirators" under 42 U.S.C. § 1983—along with Judge Telfair and the Fort Bend County Sheriff in their official capacities. It again asks this Court to declare the state temporary orders and capias "void ab initio."

***C. Aguiar Marcano's appellate and collateral filings***

In the Fifth Circuit, Aguiar Marcano has filed four proceedings (collected as Ex. P):

1. a mandamus petition directed to Nos. 4:25-cv-02276 and 4:25-cv-04890 (No. 26-20010, filed Jan. 8, 2026), denied May 14, 2026;
2. a mandamus petition seeking to void the state court's October 15, 2025 orders (No. 26-20039, filed Jan. 26, 2026), dismissed for want of jurisdiction February 23, 2026;
3. a mandamus petition directed to No. 4:25-cv-4890 (No. 26-20066, filed Feb. 12, 2026), dismissed for want of prosecution for failure to pay the filing fee March 6, 2026; and
4. an appeal from the dismissal of No. 4:25-cv-4890 (No. 26-20076, filed Feb. 13, 2026), dismissed for want of prosecution for failure to file a brief April 20, 2026.

In the Supreme Court of the United States, he filed an application for a writ of injunction directed to Judge Telfair (No. 26A39, filed July 3, 2026), denied July 15, 2026, and a petition for a writ of habeas corpus (No. 26-186, filed Aug. 13, 2026), denied October 5, 2026. (Ex. Q).

In the Texas appellate courts, he has filed eight proceedings (collected as Ex. R):

- four mandamus petitions in the First Court of Appeals (Nos. 01-25-00791-CV, 01-25-00978-CV, 01-26-00510-CV, and 01-26-00544-CV), each denied or dismissed;
- a habeas petition in that court (No. 01-26-00516-CV, filed May 14, 2026), denied May 26, 2026;
- a mandamus petition in the Supreme Court of Texas (No. 25-1055), denied January

9, 2026, with reinstatement denied February 27, 2026;

- a habeas petition in the Supreme Court of Texas (No. 26-0511), denied June 26, 2026; and
- a consolidated interlocutory appeal of the temporary orders (No. 01-26-00511-CV), which the First Court of Appeals dismissed for lack of jurisdiction on October 6, 2026.

(Ex. A).

## III. LEGAL STANDARD

A district court "has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008). That power flows from two sources: the court's inherent power "to protect its jurisdiction and judgments and to control its docket," and the All Writs Act, 28 U.S.C. § 1651. *In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (All Writs Act); *Newby v. Enron Corp.*, 302 F.3d 295, 301–302 (5th Cir. 2002); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (inherent power). The injunction may bar a litigant "from filing any additional actions without first obtaining leave from the district court." *Baum*, 513 F.3d at 187 (describing *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986)). Because such an order resolves a collateral question — whether the litigant has abused the judicial process and what sanction is appropriate — the court's authority to enter it survives even the dismissal of the underlying action. *Qureshi v. United States*, 600 F.3d 523, 525–526 (5th Cir. 2010).

Before entering a pre-filing injunction, the court weighs four factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;

(3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Baum*, 513 F.3d at 189 (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). The traditional prerequisites for injunctive relief — irreparable injury and the inadequacy of a legal remedy—do not apply. *Id.* Where, as here, the injunction rests on the court's inherent power, the court must make a specific finding of bad faith. *In re Carroll*, 850 F.3d at 815.

Two guardrails govern. First, notice and an opportunity to be heard are "mandatory and constitutionally derived"; a court that imposes a pre-filing injunction without them abuses its discretion. *Qureshi*, 600 F.3d at 526. Second, the injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. A federal district court's order may reach the litigant's filings in the federal district and bankruptcy courts within this State, but it may not extend to the state courts or to the court of appeals, which are "capable of taking appropriate action on their own." *Baum*, 513 F.3d at 192 (quoting *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006)). A leave-of-court safety valve preserves the litigant's access to the courts for any genuinely meritorious claim; the injunction "does not impose punishment" but "acts prospectively to curtail… future access to the courts." *Baum*, 513 F.3d at 192–193 (quoting *In re Hartford Textile Corp.*, 613 F.2d 388, 391 (2d Cir. 1979)). And "there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum*, 513 F.3d at 193 (quoting *Sieverding*, 469 F.3d at 1343).

That Aguiar Marcano proceeds pro se is no obstacle. "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359. Pro se litigants are not immune from vexatious-litigant

sanctions or pre-filing injunctions. *In re Carroll*, 850 F.3d at 815.

## IV. ARGUMENT

All four *Baum* factors favor a pre-filing injunction.

### *A. Aguiar Marcano's history is one of vexatious, harassing, and duplicative litigation.*

The first factor is satisfied on the face of the record. Since Espina filed for divorce in April 2025, Aguiar Marcano has initiated at least nineteen proceedings in six courts: five federal district court suits, four Fifth Circuit proceedings, two Supreme Court matters, and eight Texas appellate proceedings. (Ex. A). Eighteen arise from the divorce case and target the same core grievance: the state court's temporary orders, sanctions, and capias.

Across his five federal suits, he has named more than 35 defendants, plus some 120 Doe defendants. They include two judges of this Court, five state judges or courts, three court clerks, the Governor of Texas, Fort Bend County with its Sheriff and deputies, both of Espina's attorneys, the divorce mediator, and a homeowners' association. He has not served a single one. Every concluded matter was denied or dismissed. This case recycles the same allegations against the same private parties yet again. The pattern—repeated, duplicative suits against the same opponents on claims already found wanting—is the pattern for which the Fifth Circuit upheld an injunction. *Farguson*, 808 F.2d at 359–60.

### *B. Aguiar Marcano lacks a good-faith basis and litigates to harass.*

The second factor asks whether Aguiar Marcano had a good-faith basis or "simply intended to harass." *Baum*, 513 F.3d at 189. The record answers it. A state court has already found that Aguiar Marcano's conduct in this dispute was undertaken "in bad faith with a dilatory purpose." (Ex. J). This Court may consider his conduct in the state proceedings, including the state court's finding, in assessing his motive. *Baum*, 513 F.3d at 191.

The timing of his filings confirms their purpose. In the ten days surrounding the May 14, 2026 enforcement and contempt hearing that he failed to attend, Aguiar Marcano filed five separate proceedings in the First Court of Appeals and the Supreme Court of Texas, on May 12, 13, 14, 19, and 21. (Ex. A). That same month he sued Defendants in the Western District seeking to enjoin a state-court hearing and stay the capias. Filings timed to forestall a contempt proceeding, rather than to obtain a ruling on the merits, are the hallmark of the dilatory purpose the state court has already found.

His February 2026 suit underscores the point. It seeks mandamus relief against state judges and officials that no federal district court has power to grant. *See* 28 U.S.C. § 1361; *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). And in none of his five federal suits has he served a single defendant.

His federal filings confirm the design: he repeatedly asked the federal courts to do what they have no power to do—void or supervise state-court orders—and both the Fifth Circuit and the state appellate courts told him so. Each new suit was filed not to prosecute a viable claim (he never served the defendants) but to impose cost and pressure on Espina and her counsel in aid of the divorce dispute. Judge Hittner's February 2026 admonition did not deter him; as shown below, it was followed within eight days by a new suit naming Judge Hittner himself.

***C. Aguiar Marcano's filings burden the courts and these Defendants.***

The third factor—the burden on the courts and other parties—is substantial. Aguiar Marcano's filings have consumed the resources of two federal district courts, the Fifth Circuit, the Supreme Court of the United States, and the Texas appellate courts. Each suit against them forces Espina and Pickett to monitor dockets across multiple fora and to incur the expense of preparing responses, even though Aguiar Marcano never perfects service and often fails to pay the fees that

would allow the cases to proceed on the merits. (Ex. K). Pickett alone has spent 55.5 hours, $23,587.50 at his customary rate, responding to these proceedings, plus staff time. (Ex. K ¶¶ 15–16). Limiting any sanction to a single case or a single defendant has not stopped Aguiar Marcano: he simply refiles in a new court against the same parties. A broader, leave-of-court remedy is warranted "to protect both the court and future parties." *Baum*, 513 F.3d at 191.

***D. Alternative sanctions have proven inadequate.***

The fourth factor confirms the need for a pre-filing injunction. Lesser measures have already failed. The state court twice sanctioned him (Exs. C–D), found bad faith, and awarded fees (Ex. J), yet the filings continued. None of the $17,285 in sanctions and fees awarded against him has been paid. (Ex. K ¶¶ 11–13).

A federal judge's formal warning had the opposite of its intended effect. On February 3, 2026, Judge Hittner admonished Aguiar Marcano that excessive filings and failure to comply with court orders "may result in further action and/or sanctions." Order, *Aguiar Marcano v. Rivera-Hybner*, No. 4:25-cv-4890 (S.D. Tex. Feb. 3, 2026), ECF No. 51. Within ten days, Aguiar Marcano filed a new suit in this Court naming Judge Hittner as a defendant (February 11), a mandamus petition in the Fifth Circuit (February 12), and an appeal (February 13). (Ex. A). He has since initiated at least nine more proceedings, including this one.

Where monetary sanctions and admonitions have not deterred a litigant, the Fifth Circuit has recognized that "enjoining such filings would be considered." *Farguson*, 808 F.2d at 360. Only a pre-filing screening requirement will protect the Court and these Defendants from continued abuse.

***E. The record supports restricting all of Aguiar Marcano's federal filings in Texas, not merely suits against these Defendants.***

Aguiar Marcano's campaign is not confined to Espina and Pickett. In his February 2026 suit alone, he named two judges of this Court, the Clerk of this Court, the Clerk of the Fifth Circuit, the Governor of Texas, every Justice of the Supreme Court of Texas, the Chief Justice of the First Court of Appeals, the presiding judge of the Eleventh Administrative Judicial Region, the state trial judge, the Fort Bend County District Clerk, the county and its Sheriff, Espina's former and current counsel, the divorce mediator, and a homeowners' association and its affiliates. No. 4:26-cv-01132, ECF No. 1 (Ex. N). Each adverse ruling becomes a new "conspiracy," and each judge who rules against him a new defendant.

His practice also reaches beyond this dispute. His first federal suit, a purported class action against Elon Musk and others unrelated to the divorce, was filed and abandoned without service in the same way. (Ex. A).

Federal courts also have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651. *In re Carroll*, 850 F.3d at 815 (citing *Newby*, 302 F.3d at 302). District courts in Texas have imposed pre-filing screening on comparable serial filers, from issue-specific bars to bars on any filing in any court. *See, e.g.*, *Newson v. Chase Bank*, No. EP-24-CV-00073-DB, 2024 WL 3404813, at *9 (W.D. Tex. July 10, 2024) (restricting a litigant from filing any further pleadings, papers, or documents with that court without leave); *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 278 (S.D. Tex. 1995) (enjoining pro se litigant from filing, without leave of the Chief Judge, any action raising issues from his dismissed suits, as "a flagrant abuse of the judicial process"); *Taylor v. Maple Ave. Econ. Dev. Corp.*, No. 3:02-CV-0791-D, 2002 WL 1758189, at *6 (N.D. Tex. July 26, 2002) (barring the filing of any lawsuit in any court against any party without

leave where the litigant had sued the judges themselves). *Taylor* predates *Baum*; the order requested here stays within *Baum's* limits.

The principal safeguard that accompanies such breadth—a prior warning—is satisfied here. A federal judge expressly admonished Aguiar Marcano that "excessive filings and failure to comply with court orders and rules may result in further action and/or sanctions," and within eight days sued Judge Hittner. This case thus does not present the concern that has led courts to withhold a pre-filing injunction where a pro se litigant had not previously been warned that his conduct could draw such a sanction. *Crear v. JPMorgan Chase Bank, N.A.*, 491 F. Supp. 3d 207, 219 (N.D. Tex. 2020). Consistent with Fifth Circuit law, the Court may require Aguiar Marcano to obtain leave before submitting any new filing in the federal courts of Texas.

***F. The requested order is narrowly tailored and provides due process.***

The relief Defendants request is confined to what Fifth Circuit law permits. It reaches only Aguiar Marcano's future filings in the federal district and bankruptcy courts of Texas; it does not touch the state courts or the Fifth Circuit, which "are capable of taking appropriate action on their own." *Baum*, 513 F.3d at 192. It preserves a leave-of-court safety valve so that any genuinely meritorious claim may still be heard. *Farguson*, 808 F.2d at 360. And it is narrower still in a respect essential to due process: except in actions pending before the judge presiding over this action, it reaches only matters Aguiar Marcano chooses to initiate; in those actions, it screens further filings without forfeiting any deadline; and it expressly exempts any paper he files to defend himself in an action brought against him, so it cannot impair his right to be heard as a defendant or respondent. Screening filings in pending actions is warranted by his conduct in No. 4:25-cv-4890, where he filed serial motions and amended complaints until the court struck his fourth amended complaint and admonished him that excessive filings could draw sanctions. *See Farguson*, 808 F.2d at 360;

No. 4:25-cv-4890, ECF No. 51. The requirement that an order be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants" is thus fully met. *Farguson*, 808 F.2d at 360. Because this motion is served on Aguiar Marcano and he will have a full opportunity to respond and to be heard, entry of the order will satisfy the mandatory notice-and-hearing requirement. *Qureshi*, 600 F.3d at 526. And should circumstances change, Aguiar Marcano may move under Fed. R. Civ. P. 60(b)(5) to modify or dissolve the injunction. *Baum*, 513 F.3d at 192.

## V. PROPOSED PRE-FILING ORDER

As the primary relief, Defendants request an order providing that Reinaldo J. Aguiar Marcano is ENJOINED from filing, in the United States District Courts or bankruptcy courts within the State of Texas, any new civil action, petition, or other proceeding without first obtaining leave of this Court, by:

1. filing a motion for leave that attaches a copy of the proposed filing and a copy of this Order;
2. certifying under penalty of perjury that the matter is not duplicative of claims or filings previously raised or dismissed and is warranted by existing law or a nonfrivolous argument for its extension;
3. listing every federal and state proceeding he has initiated since April 1, 2025, by court, case number, and disposition; and
4. certifying that he has paid any required filing fee or has concurrently filed a complete application to proceed in forma pauperis.

Except as provided below, this restriction reaches only new matters and filings that Aguiar Marcano initiates as a plaintiff, petitioner, or movant. It does NOT require leave of court for, and shall not impede, any paper Aguiar Marcano files to defend himself as a defendant or respondent

in any civil or criminal action brought against him—including an answer, a motion or response directed to claims asserted against him, or a notice of appeal in any action. Nor does this Order require leave for any petition for a writ of habeas corpus challenging Aguiar Marcano's physical custody.

Nothing in this Order restricts Aguiar Marcano's access to the state courts or to the United States Court of Appeals for the Fifth Circuit. The Clerk shall not accept or file any submission subject to this Order absent an order granting leave.

Defendants further request that Aguiar Marcano be required to obtain leave of Court before filing any further motion, pleading, or other paper in this action, or in any other action pending before the judge presiding over this action, except a response to a motion filed against him, timely objections to a magistrate judge's report and recommendation, or a notice of appeal. A motion for leave filed within an applicable deadline should be treated as timely, so the requirement cannot forfeit any deadline.

In the alternative, should the Court conclude that a narrower restriction is more appropriately tailored, Defendants request that the same leave-of-court requirement be imposed as to any new civil action, petition, or proceeding, against any party, that arises from, relates to, or seeks to challenge or set aside any order, judgment, or proceeding in *In re Marriage of Gloria Espina and Reinaldo J. Aguiar Marcano*, Cause No. 25-DCV-328122, and, at a minimum, as to any new action against G. Troy Pickett or Gloria Espina.

## VI. CONCLUSION

For these reasons, Defendants G. Troy Pickett and Gloria Espina respectfully request that the Court, if it deems it appropriate, set this motion for hearing, grant this motion, enter the proposed pre-filing order submitted herewith, and grant such further relief as is just.

Respectfully Submitted,

By: *__/s/ G. Troy Pickett__*

G. Troy Pickett
State Bar No. 20472757
SDTX Bar No. 1329906
19 Briar Hollow Ln., Suite 200
Houston, Texas 77027
Tel: 713-224-1800
houservice@owlawyers.com
**OWLawyers**
Attorney-in-Charge for Defendants
Gloria Espina and G. Troy Pickett

## Certificate of Conference

I certify that on October 21, 2026, I conferred by email with Plaintiff Reinaldo J. Aguiar Marcano, who appears pro se, regarding the relief requested in this motion. In his response of October 22, 2026, Plaintiff stated that he opposes the motion. (Ex. K ¶¶ 19–21; Ex. K-1).

*/s/ G. Troy Pickett*
G. Troy Pickett

## Certificate of Service

I certify that on the date of filing, a true and correct copy of the foregoing was served on Plaintiff through the Court's CM/ECF system, to which he consented in writing (ECF No. 7), and by first-class mail to his address of record.

*/s/ G. Troy Pickett*
G. Troy Pickett