United States District Court
Southern District of Texas
ENTERED
November 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **REINALDO J. AGUIAR MARCANO,** | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 4:26-CV-08794** |
| | § | |
| **G. TROY PICKETT**, et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Before the Court is the defendant, G. Troy Pickett's ("Pickett"), opposed motion to dismiss the plaintiff, Reinaldo J. Aguiar Marcano's, complaint (Dkt. No. 1), for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 17). The plaintiff responded to the motion. (Dkt. No. 23).

After a careful review of the complaint, motion, response, record, and applicable case law, the Court concludes that, pursuant to Fed. R. Civ. P. 12(b)(1), it lacks subject-matter jurisdiction to adjudicate the merits of this suit or to enter a merits disposition. Accordingly, the defendant's motion should be denied, and the plaintiff's suit should be dismissed in its entirety with prejudice.

### II. FACTUAL BACKGROUND

The relevant facts are drawn from the record. The issues presented here arise from the plaintiff's pending divorce, custody, and contempt proceedings pending in the 387th Judicial District of Fort Bend County, Texas, Cause No.: 25-DCV-328122 ("state court"). The record

does not show that defendants Telfair or Fagan have responded to the plaintiff's lawsuit. Consequently, their failure to reply may indicate a “lack of opposition,” and the Court may review the complaint and Pickett’s motion to determine whether dismissal is justified. *See* S.D. Tex. L.R. 7.4; *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); *John v. La.*, 757 F.2d 698, 709 (5th Cir. 1985).

On October 13, 2026, this Court entered an Order denying the plaintiff’s emergency ex parte application for a temporary restraining order and a preliminary injunction (Dkt. No. 10). About two weeks later, the plaintiff voluntarily dismissed his spouse, Gloria Espina, who opposes him in the state court proceedings. On November 9, 2026, the Court held a telephonic conference call with the plaintiff, who appeared on his own behalf, as a self-represented party, and with the defendant, Pickett, who also appeared on his own behalf as a self-represented party. The defendants, Oscar Telfair III and Eric Fagan, did not appear for the call. The matter is now before the Court for consideration.

## III. CONTENTIONS OF THE PARTIES

### A. The Plaintiff’s Contentions

The plaintiff’s suit is brought under 42 U.S.C. § 1983, the Civil Rights Act of 1871, seeking damages and declaratory relief against the named defendants for allegedly violating his constitutional rights under the First and Fourteenth Amendments. He claims to be a federal whistleblower and, under color of law, that the defendants have deprived him of “fundamental liberty, parental association, and intellectual property rights without due process of law.”

Moreover, the plaintiff alleges that the defendants violated his First Amendment-protected expression and engaged in “retaliatory parental deprivation, coerced pharmacological demands, and record tampering.” He also alleges that, in “violation of mandatory judicial stay,”

the judge in his divorce proceeding issued a *capias* that has not been executed for his failure to appear at a hearing for which he allegedly never received notice.

**B. The Defendant's Contentions**

In his motion, Pickett alleges that the plaintiff's current suit is against him, the opposing spouse's attorney, arising from pending divorce, custody, and contempt proceedings in which Pickett represents the opposing spouse in state court. He alleges that the plaintiff has filed at least "seventeen federal and appellate actions," contending that the defendants weaponized the state court to deprive him of liberty, parental rights, and intellectual property.

Additionally, Pickett asserts that the plaintiff's suit should be dismissed because the state court's orders and capias remain pending and no final decree has been signed. Finally, Pickett argues that dismissal is warranted because the plaintiff has not pled a plausible conspiracy involving a state actor, as Pickett is a private attorney who is not a state actor and did not act "under color of state law."

## IV. APPLICABLE LEGAL STANDARD

The Fed. R. Civ. P. 12(b)(1) dictates that "if a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." R. 12(b)(6)*; see also Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001). A "court should therefore resolve a jurisdictional challenge before addressing any attacks on the merits" of the pleadings. *Id.* Thus, "[t]he party invoking federal jurisdiction bears the constant burden of establishing that subject matter jurisdiction indeed exists." *Burnett Specialists v. Cowen*, 140 F.4th 686 (5th Cir. 2025).

## V. ANALYSIS AND DISCUSSION

The Court is of the opinion that it lacks jurisdiction over the plaintiff's lawsuit against the defendants because the plaintiff failed to establish Article III standing – (a) an injury in fact; (b)

a causal connection between the asserted injury and the defendant's challenged conduct; and (c) a substantial likelihood that a favorable judicial decision will redress the alleged injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Under the first element of standing, the plaintiff has not alleged an actual or imminent "real and, not abstract," and particularized injury that has affected him in a "personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 343, 136 S. Ct. 1540, 1550 (2016). Instead, he has framed disagreements over decisions in his divorce, custody, and contempt proceedings as matters for the state court, which retains continuing and exclusive jurisdiction over them. Tex. Fam. Code Ann. § 9.002; *id.* § 155.001(a); *S.C. v. M.B.*, 650 S.W.3d 428, 453 n.2 (Tex. 2022).

Under the second element, even if the plaintiff has alleged sufficient facts to show that his constitutional rights were violated, he has not explained how any such violation is fairly traceable to Pickett. The Fifth Circuit holds that a "private entity" may qualify as a state actor if it performs a traditional, exclusive public function; the government compels its specific action; it acts jointly with the government; or it is entwined with governmental policies, or the government is entwined in its management or control. *See Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 444 (5th Cir. 2025); *see also Lindke v. Freed*, 601 U.S. 187 (2024). There is no evidence in the record that Pickett is a state actor. As noted above, he serves as counsel to the plaintiff's spouse, who is opposing the plaintiff in a pending divorce, custody, and contempt proceeding before the state court. Accordingly, the plaintiff's claims against Pickett, who is not a state actor, are barred as a matter of law. *Pearson*, 133 F.4th at 444; *see also Lindke*, 601 U.S. 187.

Finally, the plaintiff cannot establish the third element, namely the likelihood that this Court will award damages or declaratory relief on his 42 U.S.C. § 1983 claims. Because the plaintiff has not shown an actual or imminent, concrete, and particularized injury fairly traceable to Pickett, this Court cannot issue a decision favorable to the plaintiff that would redress his claims. Therefore, the plaintiff lacks standing to bring his suit in federal court. *Lujan*, 504 U.S. at 560.

## VI. CONCLUSION

Based on the foregoing analysis, the plaintiff has not clearly alleged facts showing each requisite element for standing. Accordingly, the Court concludes that it lacks subject matter jurisdiction to adjudicate the merits of the claims or to enter a merits disposition. *See Spokeo, Inc.*, 578 U.S. at 338, 136 S. Ct. 1540; *see also Meadowbriar Home for Children v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).

Consequently, Pickett's motion is **GRANTED,** and the plaintiff's complaint is **DISMISSED** in its entirety with prejudice. Any pending motions or related matters not otherwise addressed, or not ruled upon, are **DISMISSED** as moot.

It is so **ORDERED.**

SIGNED on November 10, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge